

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2008

# Ayers v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ayers v. Campbell" (2008). *2008 Decisions*. Paper 1479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-107                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4363

WILLIAM AYERS,
                                        Appellant

v.

ORESSA CAMPBELL, DECTIVE LESTRANGE,
MIKE LEHUTSKY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01707)
District Judge:  Honorable William J. Nealon

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2008

Before:   AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed:  March 3, 2008)

OPINION

PER CURIAM

William Ayers is a prisoner confined at the Mahoney State Correctional Institution

("SCI Mahoney") in Frackville, Pennsylvania.  Proceeding in forma pauperis ("IFP"),

Ayers filed a civil rights lawsuit under 42 U.S.C. § 1983 alleging denial of due process during his prison misconduct hearing and challenging his subsequent removal from the general prison population and placement into the Restricted Housing Unit (RHU). The District Court dismissed Ayers's complaint as meritless under 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291. If an appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

Because we write for the parties, we state only the facts essential to our decision. The prison instituted misconduct proceedings against Ayers for sending to Oressa Campbell, his court-appointed lawyer, a letter in which he threatened to harm or kill her. Campbell forwarded the letter to the Wayne County District Attorney's Office, which, in turn, informed the Lieutenant at SCI-Mahoney of Ayers's written terroristic threats against his attorney. At his misconduct hearing, Ayers requested that the Hearing Examiner inform him of the "crime of violence" that he was being charged with and to authenticate the letter in question. The Hearing Examiner allegedly replied, "I don't know but I find you guilty, take it up on appeal."

Ayers denies threatening to harm or kill his attorney in the letter. He argues that he was denied due process because he was not given the right to face his accusers, to see a copy of the letter, and to provide witnesses or other evidence on his behalf. Because he was found guilty at his misconduct hearing, Ayers received a sanction of eight months in

2

the RHU, as well as the termination of his prison job, opportunity for parole and family visitation privileges. Ayers also alleges that this confinement in the RHU caused him to develop a mental illness that must now be treated with medication.

These consequences of the misconduct hearing do not rise to the level of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," and, thus, do not give rise to procedural due process concerns. Sandin v. Conner, 515 U.S. 472, 484 (1995); see Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(finding that an inmate's placement for fifteen months in administrative custody was not an atypical or significant deprivation).[1] Ayers complains that he was not permitted to see the evidence against him or to call any witnesses. Insofar as he argues that the prison's failure to comply with state procedures violates due process, he states no claim, because state procedures on their own do not afford prisoners a due process liberty interest. See, e.g., Rodriguez v. McLoughlin, 214 F.3d 328, 339 (2d Cir. 2000). Moreover, due process violations are neither triggered by the loss of a prison job, see Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975), nor by the loss of the possibility for parole, see Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996). Finally, to the extent that Ayers asserts an Eight Amendment argument for cruel and unusual punishment on the grounds that his

---

[1] Additionally, the District Court correctly noted that Ayers neither asserts, nor does the record reflect that his period of confinement was extended as a result of the misconduct proceedings. Furthermore, Ayers does not assert that the misconduct proceedings were instituted against him in retaliation for exercising a protected right. Accordingly, the prison's actions did not violate Ayers's due process rights.

3

confinement in the RHU caused his present mental health condition, such an argument cannot succeed where he has put forth no allegations or evidence that he was denied basic human needs such as food, clothing, shelter, sanitation, medical care, or personal safety. Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4 and I.O.P. 10.6. Ayers's motion for appointment of counsel is denied.